UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RICHARD JOHNSON,

        Petitioner,

    v.                                      20-CV-888 (JLS)

A. SCHNEIDER, Acting
Superintendent – Gowanda C.F.
DOCCS, S. BUNN, Gowanda C.F.
DOCCS, A.J. ANNUCCI, Acting
Commissioner – DOCCS,

        Respondents.
_____

## DECISION AND ORDER

*Pro se* petitioner Richard Johnson is in custody at Gowanda Correctional Facility pursuant to state court judgments of conviction. He petitioned this Court for a writ of habeas corpus under 28 U.S.C. § 2254, seeking immediate release based on the conditions of his confinement during the COVID-19 pandemic. *See* Dkt. 1. Respondents moved to dismiss the petition on procedural grounds. Dkt. 6. Johnson opposed Respondents' motion. Dkt. 8. For the following reasons, the Court grants Respondents' motion and dismisses Johnson's petition without prejudice.

## BACKGROUND

Johnson is in custody at Gowanda Correctional Facility ("Gowanda") on sentences for his New York State Supreme Court, Kings County convictions of rape, sexual abuse, sodomy, criminal possession of a weapon and, separately, criminal possession of a weapon. *See* Dkt. 1, at 4 ¶¶ 4, 5; Dkt. 6-1, at 1-2 ¶ 2. His 20-to-40-

year and 7½-to-15-year sentences are to run consecutively. *See* Dkt. 6-1, at 1-2 ¶ 2; Dkt. 6-2 (Ex. 1); *see also* Dkt. 1, at 4 ¶ 5. Johnson estimates his earliest release date as "about two more years." Dkt. 1, at 4-5 ¶ 5. But Respondents cite a 2027 conditional release date and a 2044 maximum expiration date. Dkt. 6-1, at 2 ¶ 3.

According to Johnson, the conditions of his confinement at Gowanda during the COVID-19 pandemic violate his Eighth Amendment right to be free from cruel and unusual punishment, deprive him of adequate medical care, and subject him to deliberate indifference. Dkt. 1, at 1, 2, 4 ¶ 2, 12. Specifically, Johnson alleges that he has "severe (documented with healthcare providers) underlying medical conditions"—*i.e.*, high blood pressure, diabetes, and allergies—that, "combined with his age" of 59 years and "overcrowded prison conditions," put him at risk of "severe complications and death due to Covid-19." *See* Dkt. 1, at 5 ¶ 7. He is "under active medical treatment and is using num[]erous prescription medications, with regular doctor visits, labs and blood work." *Id.* at 6 ¶ 7.

Johnson describes Gowanda as home to "over 1500 inmates and over 500 staff." *Id.* at 7 ¶ 8. Inmates and staff are in "very close contact" with "non-exist[e]nt social distancing." *Id.* This "extremely close proximity mak[es] transmission of Covid-19 a certainty." *Id.* Johnson is "housed in a dorm, with about 50 other inmates and staff" and "shares a room with another prisoner." *Id.* at 8 ¶ 8. Amenities like bathrooms, showers, TV rooms, dining rooms, and common rooms are shared and place inmates in close proximity "with zero ability to isolate or socially distance." *Id.* According to Johnson, "[s]mokers and smoking are rampant"

at Gowanda.  *Id.*  Johnson also alleges that Gowanda lacks personal protective equipment like masks, gloves, and hand sanitizer.  *Id.* at 7 ¶ 8.

Although Johnson states that "currently no known inmates . . . (except one at Collins C.F.[,] a jail attached to Gowanda . . . ) have tested positive" at Gowanda,"[1] he alleges that Gowanda's medical facilities are not equipped to diagnose or treat inmates with COVID-19.  *Id.* at 9 ¶ 8.  He claims that Gowanda lacks testing kits and does not perform regular temperature checks of inmates.  *Id.* at 7 ¶ 8.  And Gowanda does not have ventilators, ICUs, emergency rooms, or 24-hour doctors to treat COVID-19 patients.  *See id.* at 7-8 ¶ 8.  As a result, Johnson alleges that it "could be many days and weeks before adequate medical care could be provided" to an inmate diagnosed with COVID-19.  *Id.* at 8 ¶ 8.

Johnson acknowledges that he "has not exhausted his state (habeas corpus) remedies."  *Id.* at 10 ¶ 9.  Indeed, Respondents enlisted the Erie County Clerk's Office and the Attorney General's Office to search their records for any state actions commenced by Johnson and did not locate any such filings.  *See* Dkt. 6-1, at 2 ¶ 5.  Johnson does not claim that New York State courts are closed to him but alleges that "given the extraordinary nature of the Covid-19 pandemic and the risk of death[,] there are no available remedies that can mitigate the risks in the time frame."  *See* Dkt. 1, at 10 ¶ 9.  Respondents submitted an order from the Chief Administrative Judge of New York State Courts stating that, despite limited operations during the COVID-19 pandemic, state courts remained open for essential

---

[1] Johnson alleges that "a lot of staff has been found to be positive."  *Id.* at 9 ¶ 8.

proceedings like "[b]ail applications, reviews and writs" and "emergency applications related to the coronavirus." *See* Dkt. 6-2 (Ex. 3, at Ex. A).

## DISCUSSION

Because Johnson is a *pro se* petitioner, the Court will "construe [his] pleadings liberally and interpret them 'to raise the strongest arguments they suggest.'" *See Wells v. Annucci*, No. 19-cv-3841, 2019 WL 2209226, at *1 (S.D.N.Y. May 21, 2019) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). Johnson is entitled to liberal construction of his submissions, but his *pro se* status "does not exempt [him] from compliance with the relevant rules of procedural and substantive law." *See Siao-Pao v. Connolly*, 564 F. Supp. 2d 232, 238 (S.D.N.Y. 2008) (internal quotations and citations omitted).

### I. Failure to Exhaust.

Respondents argue that the Court must dismiss Johnson's petition because Johnson did not exhaust available state remedies, as Section 2254 requires. *See* Dkt. 6-3, at 5-8.[2]

A sentenced state prisoner who, like Johnson, claims he is in state custody in violation of federal law may seek relief from a federal court by petitioning for a writ of habeas corpus under 28 U.S.C. § 2254(a). Section 2254 requires a petitioner to show that he "exhausted the remedies available in the courts of the State" before a federal court will consider his habeas claims. *See* 28 U.S.C. § 2254(b)(1)(A); *see also*

---

[2] Page references to Dkt. 6-3 are to the numbering that appears in the footer of each page.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court."). To exhaust state remedies, a petitioner must "fairly present federal claims to the state courts . . . to give the state the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *McCray v. New York*, 573 F. App'x 22, 23 (2d Cir. 2014) (quoting *Carvajal v. Artus*, 633 F.3d 95, 104 (2d Cir. 2011)). A petitioner exhausts if he "presented [his claims] to the highest state court from which a decision can be obtained." *Lewis v. Bennett*, 328 F. Supp. 2d 396, 403 (W.D.N.Y. 2004) (citing *Morgan v. Bennett*, 204 F.3d 360, 369 (2d Cir. 2000)).

There are several ways a petitioner may exhaust his claims. As relevant to Johnson's petition, where the claim for relief is not based on the trial court record, a petitioner may exhaust the claim by raising it to the state trial court in a collateral post-conviction motion, such as a motion under New York Criminal Procedure Law § 440. *See Elleby v. Smith*, No. 20-cv-2935, 2020 WL 2611921, at *3 (S.D.N.Y. May 22, 2020). Or a petitioner may petition the trial court or appropriate Appellate Division for a writ of habeas corpus and seek review of any decision denying the petition. *Id.*[3] Even when a petitioner challenges the execution, rather than validity, of his sentence under Section 2254, he "is still required to exhaust all of his state court remedies before filing a habeas petition in [federal] court, and . . . bears

---

[3] Where a petitioner's claim is based on the trial court record—which is not the case for Johnson's petition—he may exhaust by filing a direct appeal to the relevant Appellate Division and seeking leave to appeal to the New York Court of Appeals. *See Elleby*, 2020 WL 2611921, at *3.

5

the burden of establishing that [he] has met this requirement." *Rapeika v. Administrator of Northern State Prison*, No. 20-cv-5358, 2020 WL 2092790, at *1 (D.N.J. May 1, 2020).

Johnson admits that he did not exhaust remedies in state court. *See* Dkt. 1, at 10 ¶ 9. Respondents' records search confirms that admission. *See* Dkt. 6-1, at 2 ¶ 5. Johnson did not establish that he exhausted his claims, so the Court next considers whether he may be excused from exhausting.

Section 2254 provides two narrow exceptions to its exhaustion requirement. A federal court may grant a petitioner's unexhausted petition for habeas relief if: (1) "there is an absence of State corrective process"; or (2) "circumstances exist that render [the State corrective process] ineffective to protect the rights of the applicant." 28 U.S.C. §§ 2254(b)(1)(B)(i)-(ii). In other words, a petitioner need not exhaust his claims when "there is no further state proceeding for petitioner to pursue" or where such pursuit "would be futile." *See Elleby*, 2020 WL 2611921, at *4 (quoting *Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000)).

Neither exception applies here. State court proceedings were available to Johnson when he submitted his petition on June 29, 2020, and they remain available now. *See Elleby*, 2020 WL 2611921, at *4; Dkt. 1, at 13. Even on March 22, 2020, New York state courts' limitations on filings did not apply to "emergency applications related to the coronavirus." *See* Dkt. 6-2 (Ex. 3, at Ex. A). Indeed, New York state courts have received, and resolved, claims and petitions seeking release from state custody in connection with the COVID-19 pandemic. *See, e.g.*, *People ex*

*rel. Squirrell v. Langley*, No. 500451/2020, 2020 WL 2736623 (Sup. Ct. Putnam Cty. May 25, 2020) (dismissing habeas corpus petitions by inmates seeking release during the COVID-19 pandemic where the court, after thoroughly examining the measures taken by the sheriff and other officials, concluded there was no violation of petitioners' due process or Eighth Amendment rights); *People ex rel. Stoughton v. Brann*, No. 451078/2020, 2020 WL 1679209 (Sup. Ct. N.Y. Cty. Apr. 6, 2020) (ordering release of 18 "at-risk" prisoners in a due process challenge by 32 petitioners detained at Rikers Island); *People ex rel. Gregor v. Reynolds*, No. CV20-150, 2020 WL 1910116 (Sup. Ct. Essex Cty. Apr. 17, 2020) (concluding, where several inmates detained pending parole violation proceedings filed Article 70 petitions for release, that sheriff's failure to take adequate protective measures violated the due process rights of an inmate who was vulnerable to COVID-19).

Johnson's claim that state courts are unavailable to him, "without any further factual or legal allegations to support his claim," is "inadequate to show that there [was or] is no available process in the state courts." *See Rapeika*, 2020 WL 2092790, at *2. Courts may excuse petitioners from exhausting their claims when "relief is truly unavailable," but excusing exhaustion here, where state courts are available "would turn the habeas system upside down." *See Money v. Pritzker*, No. 20-cv-2093, 2020 WL 1820660, at *22 (N.D. Ill. Apr. 10, 2020). For the same reasons, Johnson did not demonstrate that pursuing his request for release in state court would have been futile. *See Elleby*, 2020 WL 2611921, at *4.

Other courts have reached similar conclusions when faced with habeas petitions seeking release from state custody based on the COVID-19 pandemic. *See Griffin v. Cook*, No. 3:20-cv-589 (JAM), 2020 WL 2735886, at *5 (D. Conn. May 26, 2020) (collecting cases); *Elleby*, 2020 WL 2611921, at *5.

Requiring exhaustion of Johnson's claims in state court affords "the state court[] . . . the first opportunity to review [his] claim[s] and provide any necessary relief." *See O'Sullivan*, 526 U.S. at 844; *see also Rose v. Lundy*, 455 U.S. 509, 515 (1982) ("[A]s a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act."). Exhaustion also ensures that, if Johnson's petition ends up back in federal court, it will "be accompanied by a complete factual record to aid [the Court] in [its] review." *See Rose*, 455 U.S. at 519. A full factual record is particularly important here, in light of the "rapidly changing conditions in prison and the evolving steps that prisons are taking to meet the unprecedented challenges presented by the pandemic." *See Elleby*, 2020 WL 2611921, at *5.

Because Johnson did not exhaust his habeas claims in state court and did not demonstrate that either state courts were or are unavailable to him or that exhaustion is futile, the Court dismisses his petition without prejudice. Johnson may pursue his claims and request for release in state court.

## II.   Failure to State Cognizable Claim for Relief.

Alternatively, Respondents argue that the Court must dismiss Johnson's petition because Johnson may not assert a conditions of confinement claim in a

Section 2254 petition.  *See* Dkt. 6-3, at 3-5.  Because the Court dismisses Johnson's petition for failure to exhaust, it need not reach this alternative argument.

### III. Merits Reserved for State Court.

Section 2254 allows a district court to, "in its discretion, *deny* on the merits habeas petitions containing unexhausted claims."  *See Lewis*, 328 F. Supp. 2d at 405.  The Court declines to exercise that discretion here and leaves the merits of Johnson's claims for the state court to decide in the first instance.

## CONCLUSION

For the reasons stated above, the Court GRANTS Respondents' motion to dismiss the petition (Dkt. 6).  The petition (Dkt. 1) is DISMISSED, without prejudice, and the Clerk of Court is directed to close this case.

In addition, because the issues raised here are not the type of issues that a court could resolve in a different manner, and because these issues are not debatable among jurists of reason, the Court concludes that Johnson did not make a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. § 2253(c)(2), and, accordingly, DENIES a certificate of appealability.

The Court also certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and, therefore, DENIES leave

to appeal as a poor person. *See Coppedge v. United States*, 369 U.S. 438, 444-46 (1962).

Johnson must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within 30 days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated:     August 18, 2020
           Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE